# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHIRLEY A. SNYDER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1341** (BOR Appeal No. 2047329)
                    (Claim No. 2001018950)

**BAYER CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shirley A. Snyder, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bayer Corporation, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 19, 2012, in which the Board affirmed a May 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Ms. Snyder's request for attorney's fees and costs arising from the litigation of the claims administrator's March 29, 2011, decision denying Ms. Snyder's request for retroactive authorization of injections of the medications Decadron and Kenalog. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Snyder injured her back, knee, and head on September 27, 2000, when she tripped over the forks of a forklift. On March 24, 2011, Gregory Wood, D.O., Ms. Snyder's treating physician, submitted a request for retroactive authorization of injections of the medications Decadron and Kenalog that were administered on February 2, 2011, and March 18, 2011. The claims administrator denied the request on March 29, 2011. Following litigation and the ultimate reversal of the claims administrator's March 29, 2011, decision, Ms. Snyder filed a petition for

attorney's fees and costs arising from the litigation of the March 29, 2011, claims administrator's decision.

In its Order of May 25, 2012, the Office of Judges held that Ms. Snyder is not entitled to an award of attorney's fees and costs stemming from the litigation of the March 23, 2011, claims administrator's decision based on a finding that the claims administrator's decision was not unreasonable. Ms. Snyder disputes this finding and asserts that the claims administrator's denial of her request for retroactive authorization of the Decadron and Kenalog injections was unreasonable because sufficient medical justification existed at the time of the claims administrator's denial to demonstrate that the injections constituted reasonably required medical treatment.

West Virginia Code § 23-2C-21(c) (2009) states:

> Upon a determination by the Office of Judges that a denial of compensability, a denial of an award of temporary total disability or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization.

The Office of Judges found that the claims administrator's denial of Ms. Snyder's request for retroactive authorization of Decadron and Kenalog injections occurred pursuant to West Virginia Code of State Rules § 85-20-9.9 (2006), which provides that retroactive authorization will not be granted for services that require prior approval. The Office of Judges found that the claims administrator's denial of authorization for Decadron and Kenalog was substantiated by West Virginia Code of State Rules § 85-20-9.9 and West Virginia Code of State Rules § 85-20-9.10 (2006) because the requested authorization came after the injections had already been administered. The Office of Judges further found that the claims administrator had an additional viable reason for denying the requested authorization, in that the claims administrator had previously denied authorization for Decadron on the same grounds. Finally, the Office of Judges concluded that the record indicates the claims administrator did not have sufficient evidence at the time of its March 29, 2011, decision to conclude that Decadron and Kenalog injections constituted reasonable medical treatment for Ms. Snyder's compensable injuries. The Board of Review reached the same reasoned conclusions in its decision of October 19, 2012. We agree with the reasoning and conclusions of the Board of Review.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 28, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3